IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN DIVISION

| | |
|---|---|
| Angelo Williams, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Shady Rest Materials, LLC, )<br>)<br>Defendants. )<br>) | Case No. 2:21-cv-02009-CSB-EIL<br><br>Hon. Colin Stirling Bruce<br><br>Hon. Magistrate Judge Eric I. Long |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR DEFAULT AND DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Angelo Williams, by and through his attorneys, O'Connor | O'Connor, P.C., moves for the entry of default judgment against Defendant Shady Rest Materials, LLC.. Plaintiff requests this Court award Plaintiff $366,489.95.

    **I.**    **Procedural History**

In October 2020, the Illinois Department of Human Rights issued a Notice of Substantial Evidence and Notice of Dismissal on Plaintiff's charge against Defendant. **Ex. A, IDHR Notice**. Plaintiff also received a Right to Sue letter from the EEOC in November 2020. **Ex. B, EEOC Right to Sue Letter**.  received On January 20, 2021, Plaintiff filed a complaint against Defendant under the Americans with Disability Act, as amended (the "ADA") and the Illinois Human Rights Act ("IHRA").[Doc # 1]. Defendant was served on March 2, 2021 and its Answer was due on March 23, 2021. [Doc # 7].

Plaintiff filed a motion for default and default judgment on April 21, 2021 [Doc #10] and the Court granted Plaintiff's motion on April 22, 2021. [Doc #11]. On the same date, Entry of Default against Shady Rest Materials, LLC was entered by the clerk. [Doc # 12].

## II.     Factual Background

Plaintiff was employed as a truck driver with the Defendant from March 2019 to April 15, 2019. Complt. ¶8. Stephen Gilbert ("Gilbert") is the owner of Shady Rest Materials, LLC and was Plaintiff's direct supervisor. *Id*, ¶9. After Plaintiff's son passed away in November 2018, the stress caused him to develop physical ailments which required frequent trips to the bathroom at night and interfered with his sleep. *Id*, ¶10.

Plaintiff saw a doctor to determine what was causing his physical symptoms and also saw a therapist, which Defendant knew about. *Id*, ¶¶ 11-14. On or about April 5, 2019, Plaintiff was at work and had a hard time parking his truck due to his lack of sleep. *Id*, ¶15. Gilbert suggested that Plaintiff take some time off and come back when his doctor releases him. *Id*, ¶16. Plaintiff's doctor released him to go back to work as of April 15, 2019 and Plaintiff immediately informed Gilbert that he was released by the doctor and was able to go back to work. *Id*, ¶17

Without ever asking to look at the doctor's release, Gilbert terminated Plaintiff via text stating that "it was not working out" and that he "decided not to try it." *Id*, ¶18. Gilbert further stated that "[t]he more I thought about it the more I wondered about explaining insurance company person with mental health release" even though Plaintiff's release was from his physician for his physical conditions and not from his therapist. *Id*, ¶19

Plaintiff did not need any release for his any mental health condition. Nor did Defendant ever ask for any mental health release or records from his therapist. *Id*, ¶20.  At the time of his

termination, Plaintiff was able to perform the essential functions of his job as a truck driver with or without an accommodation. *Id*, ¶21. After his termination, Plaintiff was diagnosed with Irritable Bowel Syndrome (IBS). *Id*, ¶22.

Pursuant to the oral agreement between the parties, Plaintiff was supposed to get paid approximately $60,000 per year. **Williams Affidavit Ex. C**, ¶3. After his termination, Plaintiff sought to secure a comparable job, but he is currently unemployed. *Id*, ¶ 4. Due to his termination, Plaintiff has suffered from emotional distress such as embarrassment, sadness, anger, confusion, guilt, and feelings of uselessness and worthlessness. *Id*, ¶ 5. Plaintiff also avoided socializing with his family and friends. *Id*, ¶ 6. The emotional distress became worse after Plaintiff filed a discrimination charge against Defendant because Defendant lied about Plaintiff's performance and integrity as an employee during the investigation of the Illinois Department of Human Rights. *Id*, ¶¶ 7-8. Defendant even outright admitted that it would have not hired Plaintiff if it had known about Plaintiff's mental condition. *Id*, ¶ 8.

### III.   Argument

A default judgment establishes, as a matter of law, that Defendant is liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). To enter a default judgment, the Court "must ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Here, Plaintiff can provide the damages he has suffered with reasonable certainty.

   1. **Plaintiff's Claims**

Plaintiff brought a ten-count Complaint against Defendant for violations of the Americans with Disabilities Act and the Illinois Human Rights Act. Counts I-II, VI-VII allege that Plaintiff was terminated because he was regarded as mentally disabled and has a record of mental disability. Defendant terminated Plaintiff because it assumed that Plaintiff needed a "mental health release" even though he did not have any mental disability. In Counts III, VIII, Plaintiff alleges that he was terminated because he had a physical disability. Plaintiff also alleges that Defendant failed to accommodate his physical disability by summarily terminating him and retaliating against him for taking time off to take care of his physical disability. (Counts IV-V and IX-X).

2. **Damages under the ADA and IHRA**

Back pay, and reinstatement or front pay in lieu of reinstatement under the ADA are equitable matters for the Court to decide. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000). Under the ADA, the prevailing plaintiff is entitled to compensatory and punitive damages. Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., as amended by the Act of 1991. 42 U.S.C.S. § 12117. Under the ADA, there is a cap on compensatory and punitive damages based on how many employees a defendant has. 42 U.S.C.S. § 1981a.

Similarly, the Illinois Human Rights Act ("IHRA") provides back pay, lost benefits, front pay, compensatory damages and attorney's fees and costs. 775 ILCS §§ 5/8-111(A)(4), 5/8A-104(B). *Priori v. Petco Animal Supply Stores*, No. 14-cv-03264, 2015 U.S. Dist. LEXIS 197202, at *5 (N.D. Ill. Jan. 20, 2015). The IHRA does not impose cap on the compensatory damages.
.

3. **Plaintiff's Itemized Damages**

**Backpay - $ 125,000**

Backpay was calculated using lost salary for the period from April 15, 2019 to present for about 25 months. Pursuant to the agreement with Defendant, Plaintiff's annual wages were $60,000 ($5,000 per month). Plaintiff is currently unemployed.

**Front Pay between 5/2021-5/2023 - $117,000**

Front pay is the discounted present value of the difference between the earnings an employee would have received in his old employment and the earning he can be expected to receive in his present and future, and by hypothesis inferior, employment. *Williams v. Pharmacia, Inc.,* 137 F. 3d 944, 953 (7th Cir. 1998). Plaintiff expects that it will take at least another 2 years to obtain a comparable job. With a proposed discount rate of 2.5%, Plaintiff's front pay damages are $117,000.

**Compensatory and Punitive Damages - $100,000**

There is no formula for calculating compensatory/ punitive damages. Unlike the Americans with Disabilities Act, the Illinois Human Rights Act does not impose a cap on compensatory damages. Given the length of time this matter has been pending, the straightforwardness of the case, and the intransigence of the employer, Plaintiff believes that a jury is likely to award at least $100,000 in compensatory and punitive damages. Plaintiff, through his affidavit, established the pain and suffering he has experienced after his termination and Defendant's failure to recognize his civil rights violation even after the discrimination charge and this lawsuit were filed.

**Pre-Judgment Interest – appx. $ 8,774.40**

The decision whether or not to award such interest is within the discretion of the trial court. *Taylor v. Philips Indus., Inc.*, 593 F.2d 783 at 787 (7th Cir. 1979). The decision turns upon

whether the amount of damages is easily ascertainable. *Donnelly v. Yellow Freight Sys.*, 874 F.2d 402, 411 (7th Cir. 1989). Here, Plaintiff's backpay damages are easily ascertainable and pre-judgment interest should be awarded on his backpay award of $125,000.

When calculating prejudgment interest, the Seventh Circuit directs courts to use the prime rate. *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 820 (7th Cir. 2002). The Prime Rate is currently 3.25 %. Accordingly, the prejudgment interest is $ 8,774.40, compounded monthly for approximately 25 months period from April 15, 2019 to May 13, 2021. *See Gracia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1263 (N.D. Ill. 2015)(prejudgment interest also should be compounded monthly.)

**Attorney's Fee and Costs – $15,715.55 to date**

Counsel's affidavit, hours spent on the matter, and itemized costs are attached as **Exhibit D, O'Connor Affidavit and Ex. E, Invoice.**

**Total Estimated Damages:   Approximately $ 366,489.95**

**WHEREFORE**, Plaintiff Angelo Williams respectfully moves this Court to enter an Order of Default and Default Judgment against Defendant Shady Rest Materials, LLC pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and to award $242,609.95 to Plaintiff the ADA and IHRA.

Respectfully submitted,

Angelo Williams

By:  /s/ Heewon O'Connor
       One of his Attorneys

Heewon O'Connor (ARDC No. 6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
P: 630-903-6397
F: 630.658.0336
heewon@oconnor-oconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, Plaintiff's Motion for Default and Default Judgment was served on Defendant via certified mail.

/s/ Heewon O'Connor          .

Heewon O'Connor
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 212
Elmhurst, IL 60126
Office Phone:  630-903-6397
Fax:            630-658-0336
heewon@oconnor-oconnor.com

## SERVICE LIST

Shady Rest Materials, LLC, 208 N. Prairie, Mansfield, IL  61854